MICHELE BECKWITH
Acting United States Attorney
EMILY G. SAUVAGEAU
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:25-MJ-00016 CKD |
| Plaintiff, | MOTION TO STAY RELEASE ORDER |
| v. | |
| DEVON NELSON, | |
| Defendant. | |

The United States of America, by and through Assistant United States Attorney Emily G. Sauvageau, moves this court to stay the January 30, 2025 ruling by Judge Claire authorizing the pretrial release of defendant Juan Antonio Niebla-Osuna. The United States requests a stay of the Magistrate Judge's release order until such time that the parties can be heard before this Court on the Government's motion for revocation of that order. This motion is based upon the attached Memorandum of Points and Authorities, incorporated herein by reference.

Dated: January 31, 2025                 MICHELE BECKWITH
                                        Acting United States Attorney

                                    By: /s/ EMILY G. SAUVAGEAU
                                        EMILY G. SAUVAGEAU
                                        Assistant United States Attorney

MICHELE BECKWITH
Acting United States Attorney
EMILY G. SAUVAGEAU
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:25-MJ-00016 CKD |
| Plaintiff, | GOVERNMENT'S MOTION TO STAY ORDER RELEASING DEFENDANT |
| v. | |
| DEVON NELSON, | |
| Defendant. | |

The United States moves this Court to stay the Magistrate Judge's January 30, 2025 order releasing defendant Devon Nelson until February 6, 2025, at which time the United States further requests a hearing for both parties to be heard on the motion to revoke.

The defendant made his initial appearance on a Criminal Complaint on January 29, 2025. He is charged with distribution of over 400 grams of fentanyl, in violation of 21 U.S.C. § 841(a)(1). On January 30, 2025, the Honorable Allison Claire held a detention hearing and granted release. The United States requests a stay of the defendant's release order, pending an appeal and hearing before this Court.

## I.    STANDARD

Under the Bail Reform Act, if a person is ordered released by a magistrate judge, then "the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a)(1); *United States v. Gebro*, 948 F.2d 1118 (9th Cir. 1991); *United States v. Evans*, 62 F.3d 1233, 1237 (9th Cir.

1

1995) ("Rule 40 and section 3145 . . . place[d] the review of the magistrate judge's order in the province of the district court where the prosecution is pending, and where the bail status of the defendant ultimately will be determined during the course of that trial.").

When the United States files a motion to revoke a magistrate judge's release order, the district court has inherent authority to stay the release order pending the district court's ruling on the motion to revoke. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Section 3142(f)(2)(B) expressly allows detention of the defendant "pending completion of the hearing." The pre-trial detention issue is "pending completion" so long as the motion to revoke is pending. *See United States v. Petersen*, 557 F. Supp. 2d 1124, 1129 (E.D. Cal. 2008), as amended (May 23, 2008) ("The U.S. Magistrate Judge was authorized to stay her OR release order upon application of the government's attorney pursuant to 18 U.S.C. § 3142(f)(2)(B), which provides that a defendant may be detained pending completion of the detention hearing. Subsection 3145(a) mandates a prompt review of the motion to revoke the Magistrate Judge's release order, thereby providing a reasonable safeguard against unduly extended detention during review."). A stay order simply keeps the defendant in detention during the pendency of the hearing as the statute allows.

Section 3145 and the Federal Rules anticipate that the district court with jurisdiction over the offense will determine the issue of release or detention pending trial. 18 U.S.C.A. § 3145(a) ("the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order"); *United States v. Evans*, 62 F.3d 1233, 1237 (9th Cir. 1995) ("Rule 40 and section 3145 . . . place[] the review of the magistrate judge's order in the province of the district court where the prosecution is pending, and where the bail status of the defendant ultimately will be determined during the course of that trial."); *United States v. Vega*, 438 F.3d 801, 803 (7th Cir. 2006) ("After that appearance, and a preliminary hearing if the charge is sufficiently serious, the defendant must be transferred to the charging district. *See* Rule 5(c)(3)(D). At that point, it is the court where the charges are pending that is responsible for any rulings that may be necessary to guarantee the defendant's presence for proceedings.").

## II.    ARGUMENT

The defendant is charged with distribution of at least 400 grams of a mixture and substance containing fentanyl. The government moved for detention in this case under 18 U.S.C. § 3142(f)(1)(C). There is a rebuttable presumption that there is no condition or combination of conditions that will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. §3142(e)(3)(a).

Given the presumption of detention, the circumstances of this case, and the history and characteristics of the defendant, which includes multiple probation violations and distributing 4,000 fentanl pills while on pretrial supervision and GPS location monitoring, a stay of the release order pending a hearing on the government's motion to revoke is appropriate here. Absent a stay of the release order, the defendant will be released, allowing him to flee or endanger the community before this Court's *de novo* review of the detention issue.

The defendant's criminal history dates to 2007. It includes convictions for domestic violence, assault with a deadly weapon (originally charged as attempted murder), felon in possession of a firearm, and multiple probation violations. The defendant poses a danger to the community that the imposed conditions of release cannot sufficiently mitigate, as further set forth in the initial Pretrial Services report, the Supplemental Report, and the government's motion to revoke release order. This court should stay the release order in order to hold a hearing on the United States' motion to revoke the release order, filed separately, under 18 U.S.C. § 3145(a).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

For the reasons set forth above, the Government requests that the Court enter the attached proposed order staying the proceedings pending a hearing on the motion to revoke.

Respectfully submitted,

Dated:  January 31, 2025

MICHELE BECKWITH
Acting United States Attorney

By:  /s/ EMILY G. SAUVAGEAU
EMILY G. SAUVAGEAU
Assistant United States Attorney

MICHELE BECKWITH
Acting United States Attorney
EMILY G. SAUVAGEAU
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:25-MJ-00016 CKD |
| Plaintiff, | [PROPOSED] ORDER STAYING ORDER RELEASING DEFENDNAT |
| v. | |
| DEVON NELSON, | |
| Defendant. | |

**[PROPOSED] ORDER**

Upon the motion of the United States, good cause having been shown, it is hereby ORDERED that the order issued January 30, 2025, by United States Magistrate Judge Allison Claire, authorizing the release of defendant Devon Nelson, shall be stayed, and the defendant shall remain in the custody of the United States Marshal's Service pending further proceedings before this Court on the government's motion to revoke the release order on February 6, 2025.


IT IS SO ORDERED.


Dated: _____            _____
                                          CHIEF JUDGE TROY L. NUNLEY
                                          UNITED STATES DISTRICT COURT JUDGE

1